into account the sale of shares of a fund, provided that the fund
receives brokerage services and commission rates comparable to
those of other broker-dealers.

[Emphasis added.]

96.    The Statement of Additional Information, dated December 30, 2002 for funds

offered by Fidelity Investment Trust is available to the investor upon request and is typical of

Statements of Additional Information available for other Fidelity Funds.  It states as follows with

respect to Soft Dollars and revenue sharing:

> **Brokers or dealers that execute transactions for a fund may
> receive commissions that are in excess of the amount of co
> mission that other brokers or dealers might have charged, in
> recognition of the products and services they have provided.**
>
> *         *         *
>
> **FMR is authorized to allocate portfolio transactions in a
> manner that takes into account assistance received in the
> distribution of shares of the funds or other Fidelity funds and
> to use the research service brokerage and other firms that have
> provided such assistance.**

[Emphasis added.]

97.    The Prospectuses failed to disclose and misrepresented, *inter alia*, the following

material and damaging adverse facts which damaged plaintiff and other members of the Class:

a.    that Fidelity  authorized the payment from fund assets of excessive

commissions to broker dealers in exchange for preferential marketing services and that such

payments were in breach of their fiduciary duties, in violation of Section 12b of the Investment

Company Act, and unprotected by any "safe harbor";

b.    that Fidelity directed brokerage payments to firms that favored Fidelity

Funds, which was a form of marketing that was not disclosed in or authorized by the Fidelity

Funds Rule 12b-1 Plan;

advisers to the Fidelity Funds and against the Trustee Defendants as trustees of the Fidelity

Funds.

100.    FMR, FMRC and the Trustee Defendants made untrue statements of material fact

in registration statements and reports filed and disseminated pursuant to the Investment Company

Act and omitted to state facts necessary to prevent the statements made therein, in light of the

circumstances under which they were made, from being materially false and misleading.  FMR,

FMRC and the Trustee Defendants failed to disclose the following:

    a.    that Fidelity authorized the payment from fund assets of excessive

commissions to broker dealers in exchange for preferential marketing services and that such

payments were in breach of their fiduciary duties, in violation of Section 12(b) of the Investment

Company Act, and unprotected by any "safe harbor";

    b.    that Fidelity directed brokerage payments to firms that favored Fidelity

Funds, which was a form of marketing that was not disclosed in or authorized by the Fidelity

Funds Rule 12b-1 Plan;

    c.    that the Fidelity Funds Rule 12b-1 were not in compliance with Rule 12b-

1, and that payments made pursuant to the plans were in violation of Section 12 of the

Investment Company Act because, among other reasons, the plans were not properly evaluated

by the Trustee Defendants and there was not a reasonable likelihood that the plans would benefit

the company and its shareholders;

    d.    that by paying brokers to aggressively steer their clients to Fidelity Funds,

Fidelity was knowingly aiding and abetting a breach of fiduciary duties, and profiting from the

brokers' improper conduct;

    e.    that any economies of scale achieved by marketing of the Fidelity Funds to

new investors were not passed on to Fidelity Funds investors;

        f.     that defendants improperly used Soft Dollars and excessive commissions, paid from Fidelity Funds assets, to pay for overhead expenses, the cost of which should have been borne by Fidelity  and not Fidelity Funds investors; and

        g.     that the Trustee Defendants had abdicated their duties under the Investment Company Act and their common law fiduciary duties, that the Trustee Defendants failed to monitor and supervise Fidelity and that, as a consequence, Fidelity was able to systematically skim millions and millions of dollars from the Fidelity Funds.

     101.   By reason of the conduct described above, FMR, FMRC and the Trustee Defendants violated Section 34(b) of the Investment Company Act.

     102.   As a direct, proximate and foreseeable result of FMR, FMRC and the Trustee Defendants' violation of Section 34(b) of the Investment Company Act, Fidelity Funds investors have incurred damages.

     103.   Plaintiff and the Class have been specially injured by Defendants' violations of Section 34(b) of the Investment Company Act.  Such injuries were suffered directly by the shareholders, rather than by the Fidelity Funds themselves.

     104.   FMR, FMRC and the Trustee Defendants, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or the mails, engaged and participated in a continuous course of conduct to conceal such adverse material information.

## COUNT II

### Against FMR, FMRC and FDC Pursuant To
### Section 36(b) Of The Investment Company Act
### <u>Derivatively On Behalf Of The Fidelity Funds</u>

     105.   Plaintiff repeats and realleges each and every allegation contained above and

otherwise incorporates the allegations contained above.

106.    This Count is brought by the Class (as Fidelity Funds securities holders) on behalf of the Fidelity Funds against FMR, FMRC and FDC for breach of their fiduciary duties as defined by Section 36(b) of the Investment Company Act.

107.    FMR, FMRC and FDC each had a fiduciary duty to the Fidelity Funds and the Class with respect to the receipt of compensation for services and of payments of a material nature made by and to FMR, FMRC and FDC .

108.    FMR, FMRC and FDC violated Section 36(b) by improperly charging investors in the Fidelity Funds purported Rule 12b-1 marketing fees, and by drawing on the Fidelity Funds assets to make undisclosed payments of Soft Dollars and excessive commissions, as defined herein, in violation of Rule 12b-1

109.    By reason of the conduct described above, FMR, FMRC and FDC violated Section 36(b) of the Investment Company Act.

110.    As a direct, proximate and foreseeable result of FMR, FMRC and FDC 's breach of the fiduciary duty of loyalty in their respective roles as underwriter and investment advisers to Fidelity Funds investors, the Fidelity Funds and the Class have incurred millions of dollars in damages.

111.    Plaintiff, in this Count, seeks to recover the Rule 12b-1 fees, Soft Dollars, excessive commission and the management fees charged the Fidelity Funds by FMR, FMRC and FDC .

## COUNT III

**Against The Johnson Family Group, FMR Corp. And The Trustee
Defendants  (As Control Persons of FMR, FRMC and FDC), For
Violation Of Section 48(a) Of The Investment Company Act By
The Class And Derivatively On Behalf Of The Fidelity Funds**

112.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

113.    This Count is brought pursuant to Section 48(a) of the Investment Company Act against the Johnson Family Group, FMR Corp. and the Trustee Defendants as control persons of FMR, FMRC and FDC, who caused FMR, FRMC and FDC to commit the violations of the Investment Company Act alleged herein. It is appropriate to treat these defendants as a group for pleading purposes and to presume that the misconduct complained of herein are the collective actions of the Johnson Family Group, FMR Corp. and the Trustee Defendants.

114.    FMR and FMRC are liable under Sections 34(b) of the Investment Company Act to the Class and FMR, FMRC and FDC are liable under 36(b) of the Investment Company Act to the Fidelity Funds as set forth herein.

115.    The Johnson Family Group, FMR Corp. and the Trustee Defendants were "control persons" of FMR, FMRC and FDC and caused the violations complained of herein. By virtue of their positions of operational control and/or authority over FMR, FMRC and FDC, the Johnson Family Group, FMR Corp. and the Trustee Defendants directly and indirectly, had the power and authority, and exercised the same, to cause FMR, FMRC and FDC to engage in the wrongful conduct complained of herein.

116.    Pursuant to Section 48(a) of the Investment Company Act, by reason of the foregoing, the Johnson Family Group, FMR Corp. and the Trustee Defendants are liable to plaintiff to the same extent as are FMR and FMRC for their primary violations of Sections 34(b) and 36(b) of the Investment Company Act and to the same extent as are FMR, FMRC and FDC for their primary violations of Section 36(b) of the Investment Company Act.

117.    By virtue of the foregoing, Plaintiff and other Class members are entitled to

damages against the Johnson Family Group, FMR Corp. and the Trustee Defendants.

## COUNT IV

### Against FMR and FMRC Under Section 215 Of The Investment Advisers Act For Violations Of Section 206 Of The Investment Advisers Act Derivatively On Behalf Of The Fidelity Funds

118.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

119.    This Count is based upon Section 215 of the Investment Advisers Act, 15 U.S.C. §80b-15.

120.    FMR and FMRC served as "investment advisers" to the Fidelity Funds and other members of the Class pursuant to the Investment Advisers Act.

121.    As fiduciaries pursuant to the Investment Advisers Act, FMR and FMRC were required to serve the Fidelity Funds in a manner in accordance with the federal fiduciary standards set forth in Section 206 of the Investment Advisers Act, 15 U.S.C. §80b-6, governing the conduct of investment advisers.

122.    During the Class Period, FMR and FMRC breached their fiduciary duties to the Fidelity Funds by engaging in a deceptive contrivance, scheme, practice and course of conduct pursuant to which they knowingly and/or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud upon the Fidelity Funds. As detailed above, FMR and FMRC skimmed money from the Fidelity Funds by charging and collecting fees from the Fidelity Funds in violation of the Investment Company Act and the Investment Advisers Act. The purpose and effect of said scheme, practice and course of conduct was to enrich FMR and FMRC, among other defendants, at the expense of the Fidelity Funds. FMR and FMRC breached their fiduciary duties owed to the Fidelity Funds by engaging in the aforesaid

transactions, practices and courses of business knowingly or recklessly so as to constitute a deceit and fraud upon the Fidelity Funds.

123.    FMR and FMRC are liable as direct participants in the wrongs complained of herein.  FMR and FMRC, because of their position of authority and control over the Fidelity Funds were able to and did control the fees charged to and collected from the Fidelity Funds and otherwise control the operations of the Fidelity Funds.

124.    FMR and FMRC had a duty to (1) disseminate accurate and truth information with respect to the Fidelity Funds; and (2) truthfully and uniformly act in accordance with their stated policies and fiduciary responsibilities to the Fidelity Funds.  FMR and FMRC participated in the wrongdoing complained of herein in order to prevent the Fidelity Funds from knowing of FMR and FMRC's breaches of fiduciary duties including: (1) the charging of the Fidelity Funds and Fidelity Funds investors improper Rule 12b-1 marketing fees; (2) making improper undisclosed payments of Soft Dollars; (3) making unauthorized use of "directed brokerage" as a marketing tool; and (4) charging the Fidelity Funds for excessive and improper commission payments to brokers.

125.    As a result of FMR and FMRC's multiple breaches of their fiduciary duties owed to the Fidelity Funds, the Fidelity Funds were damaged.

126.    The Fidelity Funds are entitled to rescind their investment advisory contracts with FMR and FMRC and recover all fees paid in connection with their enrollment pursuant to such agreements.

## COUNT V

### Breach of Fiduciary Duty Against
### FMR and FMRC On Behalf Of The Class

127.    Plaintiff repeats and realleges each of the preceding allegations as though fully set

43

forth herein.

128.    As advisers to the Fidelity Funds, FMR and FMRC were fiduciaries to the

plaintiff and other members of the Class and were required to act with the highest obligations of

good faith, loyalty, fair dealing, due care and candor.

129.    As set forth above, FMR and FMRC breached their fiduciary duties to plaintiff

and the Class.

130.    Plaintiff and the Class have been specially injured as a direct, proximate and

foreseeable result of such breach on the part of FMR and FMRC and have suffered substantial

damages.

131.    Because FNR and FMRC acted with reckless and willful disregard for the rights

of the plaintiff and other members of the Class, FMR and FMRC are liable for punitive damages

in an amount to be determined by the jury.

## COUNT VI

### Breach of Fiduciary Duty Against The
### Trustee Defendants On Behalf Of The Class

132.    Plaintiff repeats and realleges each of the preceding allegations as though fully

set forth herein.

133.    As Fidelity Funds trustees, the Trustee Defendants had a fiduciary duty to the

Fidelity Funds and Fidelity Funds investors to supervise and monitor FMR, FMRC and FDC.

134.    The Trustee Defendants breached their fiduciary duties by reason of the acts

alleged herein, including their knowing or reckless failure to prevent FMR, FMRC and FDC

from (1) charging the Fidelity Funds and Fidelity Funds investors improper Rule 12b-1

marketing fees; (2) making improper undisclosed payments of Soft Dollars; (3) making

unauthorized use of "directed brokerage" as a marketing tool; and (4) charging the Fidelity Funds

for excessive and improper commission payments to brokers.

135.   Plaintiff and the Class have been specially injured as a direct, proximate and foreseeable result of such breach on the part of Trustee Defendants and have suffered substantial damages.

136.   Because Trustee Defendants acted with reckless and willful disregard for the rights of plaintiff and other members of the Class, the Trustee Defendants are liable for punitive damages in an amount to be determined by the jury.

## COUNT VII

### Aiding And Abetting A Breach Of Fiduciary Duty Against FMR, FMRC and FDC On Behalf Of The Class

137.   Plaintiff repeats and realleges each of the preceding allegations as though fully set forth herein.

138.   At all times herein, the broker dealers that sold Fidelity Funds had fiduciary duties of loyalty to their clients, including plaintiff and other members of the Class.

139.   FMR, FMRC and FDC knew or should have known that the broker dealer had these fiduciary duties.

140.   By accepting improper Rule 12b-1 fees, Soft Dollars and excessive commissions in exchange for aggressively pushing Fidelity Funds, and by failing to disclose the receipt of such fees, the brokerages breached their fiduciary duties to plaintiff and the other members of the Class.

141.   FMR, FMRC and FDC possessed actual or constructive knowledge that the brokerages were breaching their fiduciary duties, but nonetheless perpetrated the fraudulent scheme alleged herein.

142.   FMR, FMRC and FDC's actions, as described in this complaint, were a

substantial factor in causing the losses suffered by plaintiff and the other members of the Class. By participating in the brokerages' breaches of fiduciary duties, FMR, FMRC and FDC are liable therefor.

143.    As a direct, proximate and foreseeable result of FMR, FMRC and FDC's knowing participation in the brokerages' breaches of fiduciary duties, plaintiff and the Class have suffered damages.

144.    Because FMR, FMRC and FDC acted with reckless and willful disregard for the rights of Plaintiff and other members of the Class, FMR, FMRC and FDC are liable for punitive damages in an amount to be determined by the jury.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for relief and judgment, as follows:

A.    Determining that this action is a proper class action, certifying plaintiff as the Class representative and plaintiff's counsel as Class counsel pursuant to Rule 23(a) of the Federal Rules of Civil Procedure;

B.    Awarding compensatory damages in favor of plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.    Awarding punitive damages in favor of plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

D.    Awarding the Fidelity Funds rescission of their contracts with FMR and FMRC, including recovery of all fees which would otherwise apply, and recovery of all fees paid to FMR and FMRC;

F:\FIDELITY\CMPLTFAL.WPD

46

E.     Ordering an accounting of all Fidelity Funds-related fees, commissions, and Soft Dollar payments;

F.     Ordering restitution of all unlawfully or discriminatorily obtained fees and charges;

G.     Awarding such other and further relief as this Court may deem just and proper, including any extraordinary equitable and/or injunctive relief as permitted by law or equity to attach, impound or otherwise restrict the defendants' assets to assure that Plaintiff and the Class have an effective remedy;

H.     Awarding plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

I.     Such other and further relief as the Court may deem just and proper.

### JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

DATED:  August _19_, 2004                    Respectfully submitted,

**MOULTON & GANS, P.C.**

By _____
       Nancy Freeman Gans (BBO #184540)
       33 Broad Street
       Boston, MA 02109-4216
       (617) 369-7979

**STULL, STULL & BRODY**
Jules Brody
Aaron Brody
Tzivia Brody
6 East 45th Street
New York, New York 10017
(212) 687-7230

**WEISS & YOURMAN**
Joseph H. Weiss
551 Fifth Avenue
New York, New York 10176
(212) 682-3025

**Attorneys for Plaintiff**

## EXHIBIT A

Fidelity Advisor Aggressive Growth
Fidelity Advisor Asset Allocation Fund
Fidelity Advisor Balanced Fund
Fidelity Advisor Biotechnology Fund
Fidelity Advisor California Municipal Income Fund
Fidelity Advisor Consumer Industries Fund
Fidelity Advisor Cyclical Industries Fund
Fidelity Advisor Developing Communications Fund
Fidelity Advisor Diversified International Fund
Fidelity Advisor Dividend Growth Fund
Fidelity Advisor Dynamic Capital Appreciation Fund
Fidelity Advisor Electronics Fund
Fidelity Advisor Emerging Asia Fund
Fidelity Advisor Emerging Markets Fund
Fidelity Advisor Emerging Markets Income Fund
Fidelity Advisor Equity Growth Fund
Fidelity Advisor Equity Income Fund
Fidelity Advisor Europe Capital Appreciation Fund
Fidelity Advisor Fifty Fund
Fidelity Advisor Financial Services Fund
Fidelity Advisor Floating Rate High Income Fund
Fidelity Advisor Freedom 2000 Fund
Fidelity Advisor Freedom 2005 Fund
Fidelity Advisor Freedom 2010 Fund
Fidelity Advisor Freedom 2015 Fund
Fidelity Advisor Freedom 2020 Fund
Fidelity Advisor Freedom 2025 Fund
Fidelity Advisor Freedom 2030 Fund
Fidelity Advisor Freedom 2035 Fund
Fidelity Advisor Freedom 2040 Fund
Fidelity Advisor Freedom Income Fund
Fidelity Advisor Global Equity Fund
Fidelity Advisor Government Investment Fund
Fidelity Advisor Growth & Income Fund
Fidelity Advisor Growth & Income Fund II
Fidelity Advisor Growth Opportunities Fund
Fidelity Advisor Health Care Fund
Fidelity Advisor High Income Advantage Fund
Fidelity Advisor High Income Fund
Fidelity Advisor Inflation-Protected Bond Fund
Fidelity Advisor Intermediate Bond Fund
Fidelity Advisor International Capital Appreciation Fund
Fidelity Advisor International Small Cap Fund

F:\FIDELITY\CMPLTFAL.WPD

Fidelity Advisor Investment Grade Bond Fund
Fidelity Advisor Japan Fund
Fidelity Advisor Korea Fund
Fidelity Advisor Large Cap Fund
Fidelity Advisor Latin America Fund
Fidelity Advisor Leveraged Company Stock Fund
Fidelity Advisor Mid Cap Fund
Fidelity Advisor Mortgage Securities Fund
Fidelity Advisor Municipal Income Fund
Fidelity Advisor Natural Resources Fund
Fidelity Advisor New Insights Fund
Fidelity Advisor New York Municipal Income Fund
Fidelity Advisor Overseas Fund
Fidelity Advisor Real Estate Fund
Fidelity Advisor Short Fixed-income Fund
Fidelity Advisor Short-Intermediate Municipal Income Fund
Fidelity Advisor Small Cap Fund
Fidelity Advisor Strategic Dividend & Income Fund
Fidelity Advisor Strategic Growth Fund
Fidelity Advisor Strategic Income Fund
Fidelity Advisor Tax Managed Stock Fund
Fidelity Advisor Technology Fund
Fidelity Advisor Telecommunications & Utilities Growth Fund
Fidelity Advisor Value Fund
Fidelity Advisor Value Leaders Fund
Fidelity Advisor Value Strategies Fund
Fidelity Aggressive International Fund
Fidelity Air Transportation Portfolio
Fidelity Arizona Municipal Money Market Fund
Fidelity Asset Manager
Fidelity Asset Manager: Aggressive
Fidelity Asset Manager: Growth
Fidelity Asset Manager: Income
Fidelity Automotive Portfolio
Fidelity Banking Portfolio
Fidelity Blue Chip Growth Fund
Fidelity Blue Chip Growth Fund
Fidelity Blue Chip Value Fund
Fidelity Brokerage/Investment Management Market Fund
Fidelity Canada Fund
Fidelity Capital & Income Fund
Fidelity Capital Appreciation Fund
Fidelity Cash Reserves
Fidelity Chemicals Portfolio
Fidelity China Region Fund
Fidelity Computers Portfolio

Fidelity Connecticut Municipal Money Market Fund
Fidelity Construction & Housing Portfolio
Fidelity Contrafund
Fidelity Convertible Securities Fund
Fidelity Defense & Aerospace Portfolio
Fidelity Disciplined Equity Fund
Fidelity Discovery Fund
Fidelity Energy Portfolio
Fidelity Energy Service Portfolio
Fidelity Environmental Portfolio
Fidelity Equity-Income Fund
Fidelity Equity-Income Fund II
Fidelity Europe Fund
Fidelity Export And Multinational Fund
Fidelity Florida Municipal Money Market Fund
Fidelity Focused Stock Fund
Fidelity Food & Agriculture Portfolio
Fidelity Four-In-One Index Fund
Fidelity Fund
Fidelity Ginnie Mae Fund
Fidelity Global Balanced Fund
Fidelity Gold Portfolio
Fidelity Government Income Fund
Fidelity Growth Company Fund
Fidelity Home Finance Portfolio
Fidelity Independence Fund
Fidelity Industrial Equipment Portfolio
Fidelity Industrial Materials Portfolio
Fidelity Insurance Portfolio
Fidelity Intermediate Government Income Fund
Fidelity International Growth & Income Fund
Fidelity Japan Smaller Companies Fund
Fidelity Large Cap Stock Fund
Fidelity Leisure Portfolio
Fidelity Low-Priced Stock Fund
Fidelity Magellan Fund
Fidelity Massachusetts Municipal Money Market Fund
Fidelity Medical Delivery Portfolio
Fidelity Medical Equipment Systems/ Portfolio
Fidelity Michigan Municipal Money Market Fund
Fidelity Mid-Cap Stock Fund
Fidelity Money Market Trust: Retirement Government Money Market Portfolio
Fidelity Money Market Trust: Retirement Money Market Portfolio
Fidelity Multimedia Portfolio
Fidelity Municipal Money Market Fund
Fidelity Nasdaq Composite Index Fund

Fidelity Natural Gas Portfolio
Fidelity Networking & Infrastructure Portfolio
Fidelity New Jersey Municipal Money Market Fund
Fidelity New Markets Income Fund
Fidelity New Millennium Fund
Fidelity New York Municipal Money Market Fund
Fidelity Nordic Fund
Fidelity Ohio Municipal Money Market Fund
Fidelity OTC Portfolio
Fidelity Pacific Basin Fund
Fidelity Paper & Forest Products Portfolio
Fidelity Pennsylvania Municipal Money Market Fund
Fidelity Pharmaceuticals Portfolio
Fidelity Puritan Fund
Fidelity Real Estate Income Fund
Fidelity Retailing Portfolio
Fidelity Select Biotechnology Portfolio
Fidelity Select Money Market Portfolio
Fidelity Short-Term Bond Fund
Fidelity Small Cap Independence Fund
Fidelity Small Cap Retirement Fund
Fidelity Small Cap Stock Fund
Fidelity Software/computer Services Portfolio
Fidelity Southeast Asia Fund
Fidelity Spartan Government Income Fund
Fidelity Stock Selector Fund
Fidelity Structured Large Cap Growth Fund
Fidelity Structured Large Cap Value Fund
Fidelity Structured Mid Cap Growth Fund
Fidelity Structured Mid Cap Value Fund
Fidelity Tax-Free Money Market Fund
Fidelity Total Bond Fund
Fidelity Transportation Portfolio
Fidelity Trend Fund
Fidelity U.S. Bond Index Fund
Fidelity U.S. Government Reserves
Fidelity Ultra-short Bond Fund
Fidelity Utilities Fund
Fidelity Utilities Growth Portfolio
Fidelity Value Discovery Fund
Fidelity Wireless Portfolio
Fidelity Worldwide Fund
Spartan 500 Index Fund
Spartan Arizona Municipal Income Fund
Spartan CA Municipal Money Market Fund
Spartan California Municipal Income Fund

Spartan Connecticut Municipal Income Fund
Spartan Extended Market Index Fund
Spartan Florida Municipal Income Fund
Spartan Intermediate Municipal Income Fund
Spartan International Index Fund
Spartan Investment Grade Bond Fund
Spartan MA Municipal Money Market Fund
Spartan Maryland Municipal Income Fund
Spartan Massachusetts Municipal Income Fund
Spartan Michigan Municipal Income Fund
Spartan Minnesota Municipal Income Fund
Spartan Money Market Fund
Spartan Municipal Income Fund
Spartan Municipal Money Fund
Spartan New Jersey Municipal Income Fund
Spartan New York Municipal Income Fund
Spartan NJ Municipal Money Market Fund
Spartan NY Municipal Money Market Fund
Spartan Ohio Municipal Income Fund
Spartan Pennsylvania Municipal Income Fund
Spartan Short-Intermediate Municipal Fund
Spartan Tax-Free Bond Fund
Spartan Total Market Index Fund
Spartan U.S. Equity Index Fund
Spartan U.S. Government Money Market Fund
Spartan U.S. Treasury Money Market Fund

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

DAVID O. FALLERT, Individually and on Behalf of All Others Similarly Situated

**DEFENDANTS**

See Attached LISTING OF DEFENDANTS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Kaufman County, TX
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

See ATTACHMENT "A"

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☒ 160 Stockholders' Suits
☒ 190 Other Contract
☐ 195 Contract Product Liability

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury — Med Malpractice
☐ 365 Personal Injury — Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
**HABEAS CORPUS:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

### FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret Inc Security Act

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS – Third Party 26 USC 7609

### OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Securities Fraud.  Violations of Secs. 34(b), 36(b) and 48(a) of the Investment Company Act, 15 U.S.C. Secs. 80a-33(b), 80a-35(a) and (b) and 80a-47(a); and Secs. 206 and 215 of the Investment Advisors Act, 15 U.S.C. Secs. 80b-6 and 80b-15.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☒ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE  Stearns, D.J.
DOCKET NUMBER  04-11600-RGS & others

DATE
August 11, 2004

SIGNATURE OF ATTORNEY OF RECORD
Nancy Freeman Gans

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _David O. Fallert, etc. v._
   _Fidelity Management and Research Company, et als._

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL
   COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

   XX    I.      160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___   II.     195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
                 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ___   III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                 380, 385, 450, 891.

   ___   IV.     220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                 690, 810, 861-865, 870, 871, 875, 900.

   ___   V.      150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)).  IF MORE THAN ONE PRIOR RELATED CASE
   HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _Gilliam v. Fidelity Management and Research Company, etals., CA No. 04-11600-RGS_
   _and others_

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
   COURT?

                                                          YES          NO

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
   PUBLIC INTEREST?   (SEE 28 USC §2403)

                                                          YES          NO

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                          YES          NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
   28 USC §2284?

                                                          YES          NO

7. DO ALL OF THE PARTIES  IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
   COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"),  RESIDING IN MASSACHUSETTS RESIDE IN THE
   SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                                                          YES          NO

   A.      IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

           EASTERN DIVISION            CENTRAL DIVISION            WESTERN DIVISION

   B.      IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
           GOVERNMENTAL AGENCIES,  RESIDING IN MASSACHUSETTS RESIDE?

           EASTERN DIVISION            CENTRAL DIVISION            WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Nancy Freeman Gans_
ADDRESS _MOULTON & GANS, P.C., 33 Broad St., Suite 1100, Boston, MA 02109-4216_
TELEPHONE NO. _617-369-7979_

(Cover sheet local.wpd - 11/27/00)